CLD-195                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1360
_____

MICHAEL RINALDI,
                                        Appellant

v.

WARDEN BLEDSOE
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 1:12-cv-01376)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 18, 2013

Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: May 2, 2013)
_____

OPINION
_____

PER CURIAM

        Michael Rinaldi, a federal inmate proceeding pro se, appeals from the District

Court's dismissal of his habeas petition pursuant to 28 U.S.C. § 2241 for lack of

jurisdiction. There being no substantial question presented in this appeal, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

I.

In 1999, Rinaldi was convicted of various drug trafficking and firearm charges. The District Court sentenced him to a total of 248 months' incarceration. We affirmed Rinaldi's judgment on direct appeal. See United States v. Rinaldi, 248 F.3d 1131 (3d Cir. 2000). In his § 2241 petition, Rinaldi asserts that he should be released because the Bureau of Prisons ("BOP") lacks personal jurisdiction over him. He also claims that 18 U.S.C. § 4081, which provides guidelines for the classification and treatment of prisoners, is unconstitutional because it was not passed by a quorum of both houses of Congress. The District Court interpreted his petition as challenging his placement and confinement in the Special Management Unit ("SMU") and dismissed it without prejudice to his right to file an action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics, 403 U.S. 388 (1971). It then denied Rinaldi's motion for reconsideration pursuant to Fed. R. Civ. P. 59(e). This appeal followed.

II.

We have jurisdiction over both the District Court's dismissal of Rinaldi's underlying habeas petition and its denial of his motion for reconsideration pursuant to 28 U.S.C. §§ 1291 and 2253(a).[1] We exercise plenary review over the denial of Rinaldi's

---

[1] A certificate of appealability is not required to appeal the dismissal of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

§ 2241 petition. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007). However, we review the denial of the motion for reconsideration for abuse of discretion. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

### III.

We have previously held that § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005) (quoting Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)). While "the precise meaning of 'execution of the sentence' is hazy," id. at 242, we have defined execution to mean "to 'put into effect' or 'carry out,'" id. at 243 (citation omitted). To the extent that Rinaldi challenges the BOP's jurisdiction over him altogether, we construe his claim to be a challenge to the execution of his sentence. Nevertheless, his claim lacks merit, as the BOP has been responsible for implementing and executing his sentence ever since it was imposed. See 18 U.S.C. § 3621(a) ("A person who has been sentenced to a term of imprisonment . . . shall be committed to the custody of the Bureau of Prisons . . . ."). Furthermore, Rinaldi's argument that 18 U.S.C. § 4081 is unconstitutional is simply frivolous. See United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007) (argument "that Title 18—the federal criminal code—is unconstitutional because of supposed irregularities in its enactment" is "'unbelievably frivolous'").

3

Furthermore, the District Court did not abuse its discretion in denying Rinaldi's

motion for reconsideration, as his motion did not identify any of the three grounds

required for reconsideration.  Lazaridis, 591 F.3d at 669.

IV.

For the foregoing reasons, we will affirm the District Court's judgment.[2]  See 3d

Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[2] In his argument supporting his appeal, Rinaldi asserts that the District Court
misconstrued his claims by construing them as a challenge to his placement and
confinement in the SMU.  However, to the extent that Rinaldi wishes to challenge such
placement and confinement, the District Court correctly determined that his claims
should be brought pursuant to Bivens because it does not allege that the BOP's conduct
was inconsistent with any express "command or recommendation in [his] sentencing
judgment."  See Cardona v. Bledsoe, 681 F.3d 533, 537 (3d Cir. 2012) (alteration in
original).  We express no opinion as to the merits, if any, of any civil rights claim Rinaldi
may choose to file.